IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tahir Gardner,                                   :
                    Appellant                    :
                                                 :
          v.                                     :
                                                 :
Thomas Carter, Jon Fustine, Nicholas             :
Ishman, Terry Wealand, Robert Yost              :    No. 413 C.D. 2020
and Harrisburg Police Bureau                     :    Submitted: September 9, 2022


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED: March 1, 2023


          Tahir Gardner (Appellant) appeals the March 26, 2020 order (Trial
Court Order) of the Court of Common Pleas of Dauphin County (trial court) granting
summary judgment in favor of Terry Wealand (Officer Wealand) and Jon Fustine
(Officer Fustine) (collectively, Appellees)[1] regarding Appellant's Complaint that
raised claims of false imprisonment and violation of the Fourth Amendment of the
United States Constitution against Appellees. Upon review, we vacate the Trial
Court Order and remand the matter for further proceedings.

_____

[1] Appellant originally filed separate appeals as to each Appellee in this matter, the second
appeal being docketed at No. 414 C.D. 2020. However, this Court dismissed the second appeal as
duplicative by order dated July 21, 2020.

## I. Background and Procedural Posture

On January 28, 2012, police arrested Appellant and charged him with various crimes[2] related to an incident involving a motor vehicle traffic stop during which the vehicle's driver fled the scene and was pursued by police. The incident ultimately concluded with Appellant's apprehension and identification by the officers involved. On September 11, 2012, nine months after his arrest, Appellant was released from custody after DNA testing on items of clothing recovered from the scene of the incident did not match Appellant's DNA. The prosecution ultimately *nolle prossed* the charges against Appellant on February 25, 2013.

Appellant filed the Complaint on October 3, 2014, and Appellees filed their "Answer of Defendants to Plaintiff's Complaint With New Matter Affirmative Defenses" on May 29, 2015. The parties conducted the depositions of Appellant and a defense witness on August 16, 2016, and January 19, 2017, respectively. Thereafter, on March 1, 2017, Appellees filed "Defendants' Motion for Summary Judgment" (Summary Judgment Motion), arguing, *inter alia*, that Appellees were entitled to immunity because they had probable cause to arrest and charge Appellant. Appellant filed his "Response to Defendants' Motion for Summary Judgment" on April 14, 2017.

On June 4, 2019, the trial court granted the Motion for Summary Judgment as it applied to the other defendants in this matter[3] but not as to Appellees.

---

[2] Aggravated assault, reckless endangerment, carrying a firearm without a license, possession with intent to distribute heroin, possession of drug paraphernalia, escape, receiving stolen property, criminal mischief, and traffic offenses.

[3] The trial court granted summary judgment as to the other defendants named in the Complaint – Thomas Carter, Nicholas Ishman, Robert Yost, and the Harrisburg Police Bureau. *See* Trial Court Memorandum Opinion and Order dated June 4, 2019 (Trial Court June 2019

*See* Trial Court Memorandum Opinion and Order dated June 4, 2019 (Trial Court June 2019 Opinion) at 4-6. Instead, the trial court scheduled an evidentiary hearing to address the "remaining factual and legal issues" pertaining to Appellees. *See* Trial Court June 2019 Opinion at 6. The trial court explained this decision thusly:

> Whether or not evidence of willful misconduct exists to submit the matter to [a] jury is a matter for the [c]ourt. At oral argument, counsel presented statements of fact regarding the observations of the officers and of [Appellant], which facts did not appear in the record. [The trial court] therefore ordered that counsel file deposition transcripts. Counsel filed [Appellant's] transcript, but communicated to [the trial court] by letter that no depositions of officers have been taken. It is necessary for [the trial court] to take evidence on those matters in order to resolve the issues before us.

Trial Court June 2019 Opinion at 5.

The trial court conducted the hearing on October 9, 2019. Thereafter, based on the evidence adduced at the October 2019 hearing,[4] the trial court determined that Appellees were entitled to immunity because probable cause to arrest Appellant existed at the time of the incident. *See* Trial Court Memorandum Opinion and Order dated March 26, 2020 (Trial Court March 2020 Opinion) at 7-11. Therefore, on March 26, 2020, the trial court granted the Summary Judgment

---

Opinion) at 6. Appellant does not appeal that grant of summary judgment as to those defendants in the instant matter.

[4] *See* Trial Court Memorandum Opinion and Order dated March 26, 2020, at 2-7.

Motion. *See* Trial Court March 2020 Opinion at 11. Appellant timely appealed to this Court.[5]

## II. Issues

On appeal,[6] Appellant claims that the trial court erred in granting summary judgment to Appellees because outstanding issues of fact exist as to whether Appellees had probable cause to arrest Appellant. *See* Appellant's Br. at 6 & 17-22. Specifically, Appellant alleges that the question of whether there was glass on Appellant's sweatshirt at the time of his arrest remains outstanding and disputed and therefore precludes a grant of summary judgment in Appellees' favor. *See id.* at 6 & 16-17. Additionally, Appellant claims the trial court erred in granting summary judgment to Appellees based on immunity because Appellees acted unlawfully. *See id.* at 6 & 22-23.

## III. Discussion

A motion for summary judgment is properly granted if "there is no genuine issue of any material fact as to a necessary element of the cause of action." Pa.R.Civ.P. 1035.2(1). "Summary judgment may be entered only when, after examining the record in the light most favorable to the non-moving party, and resolving [] all doubts as to the existence of a genuine issue of material fact against the moving party, the moving party is clearly entitled to judgment as a matter of law." *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011). Pursuant to

---

[5] Because April 25, 2020, the 30th day after the filing of the Trial Court Opinion, fell on a Saturday, Appellant timely filed his notices of appeal in this matter on the following Monday, April 27, 2020. *See* Pa.R.A.P. 903.

[6] "An order of a trial court granting summary judgment may be disturbed by an appellate court only if the court committed an error of law []; thus, [a reviewing court's] standard of review is *de novo,* and [the] scope of review is plenary." *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa. 2009) (internal citations omitted).

Pennsylvania Rule of Civil Procedure 1035.1, the record in a motion for summary judgment includes any: "(1) pleadings, (2) depositions, answers to interrogatories, admissions and affidavits, and (3) reports signed by an expert witness that would, if filed, comply with [Pa.R.Civ.P. 4003.5(a)(1)], whether or not the reports have been produced in response to interrogatories." Pa.R.Civ.P. 1035.1.

Here, following the filing of the Summary Judgment Motion, the trial court ruled on the motion as to the other defendants, for whom no genuine issues of material fact remained, granting summary judgment as to those defendants. However, the trial court observed that certain factual and legal issues remained outstanding as to Appellees, *to wit*: the issue of probable cause for Appellant's arrest. *See* Trial Court June 2019 Opinion at 5. At that time, because the issue of probable cause was a necessary element of Appellees' immunity defense, the trial court could not have granted summary judgment as to Appellees based on the existing record and should have denied the Summary Judgment Motion. *See Pyeritz.*

Instead, the trial court conducted a hearing and took evidence in the form of Appellees' testimony on the issue.[7] Thereafter, in consideration of this testimony, the trial court determined that Appellees had probable cause to arrest Appellant and granted summary judgment in favor of Appellees. In so doing, the trial court created and considered evidence that did not exist and was not part of the record at the time the Appellees filed the Summary Judgment Motion. In effect, the trial court conducted a bifurcated bench trial on the issue of probable cause for the purpose of deciding the Summary Judgment Motion in a matter where Appellant had requested a jury trial. *See* Complaint at 7 (pagination supplied). This was error. Pennsylvania's Rules of Civil Procedure do not allow for such proceedings at the

---

[7] The trial court also took testimony from Robert Yost at the hearing.

5

summary judgment stage and instead expressly limit the record upon which a motion for summary judgment is to be decided to existing pleadings, depositions, answers to interrogatories, admissions and affidavits, and expert reports. *See* Pa.R.C.P. No. 1035.1. In this case, Appellees could have taken further depositions and submitted the transcripts thereof in anticipation of filing their Summary Judgment Motion, but did not. As a result, the proper extent of the summary judgment record was the pleadings and discovery that existed at the time of the filing of the Summary Judgment Motion, including the transcripts of the completed depositions of Appellant and Appellant's witness. Therefore, the trial court erred by conducting the October 9, 2019 hearing and then relying on the evidence adduced at that hearing, which should not have formed part of the summary judgment record, to decide the Summary Judgment Motion as to Appellees.

We appreciate that probable cause is a question of law and that Appellant's case may ultimately fail for the reasons the trial court discussed in its opinions. However, regardless of whether the outcome of this matter will ultimately be the same as the result arrived at by the trial court, the trial court erred by taking testimony when a jury trial was requested and then considering that testimony, which again was not part of the record upon the filing of the Summary Judgment Motion, in determining that motion. Accordingly, we vacate the trial court's order and remand the matter for further proceedings.

## IV. Conclusion

For these reasons, we vacate the Trial Court Order and remand the matter to the trial court.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tahir Gardner,                :
             Appellant      :
                :
      v.             :
                :
Thomas Carter, Jon Fustine, Nicholas  :
Ishman, Terry Wealand, Robert Yost  :   No. 413 C.D. 2020
and Harrisburg Police Bureau     :

## O R D E R

AND NOW, this 1st day of March, 2023, the March 26, 2020 order of the Court of Common Pleas of Dauphin County is VACATED and the matter is REMANDED to the trial court for further proceedings.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge